**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARCUS ALLEN GREENLEE,

              Petitioner,

                                        CIVIL NO. 2:14-CV-10078
v.                                      HONORABLE NANCY G. EDMUNDS
                                        UNITED STATES DISTRICT COURT

CARMEN PALMER,

              Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR *LEAVE TO
APPEAL IN FORMA PAUPERIS***

Marcus Allen Greenlee, ("Petitioner"), confined at the Michigan Reformatory in Ionia,

Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his

application, filed *pro se*, petitioner challenges his conviction for four counts of first-degree

criminal sexual conduct, M.C.L.A. 750.520b(1)(e); one count of second-degree criminal

sexual conduct, M.C.L.A. 750.520c(1)(e); one count of assault with a dangerous weapon,

M.C.L.A. 750.82; and being a fourth habitual offender, M.C.L.A. 769.12.  For the reasons

that follow, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

**I.  Background**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

The victim testified that she had known petitioner for a brief period of time.  On the

night of May 17, 2009, she accompanied petitioner first to Belle Isle in Detroit, Michigan,

before going with him to a drive-in movie theater in Dearborn, Michigan.  At the movie

1

theater, petitioner pulled a knife on the victim and sexually assaulted her several times.  By contrast, petitioner testified that the victim had consented to perform fellatio on him at Belle Isle.  Petitioner denied pulling a knife on the victim or forcing her against her will to have sex with him.

Over the objection of defense counsel, the prosecutor called as a witness another woman who testified that petitioner had sexually assaulted her in a motel room in Southfield, Michigan in 2007.  Although the woman reported the assault to the Southfield Police, petitioner was never formally charged or convicted of this offense.

Petitioner's conviction was affirmed on appeal. *People v. Greenlee,* No. 296061 (Mich.Ct.App. March 22, 2011); *lv. den.* 489 Mich. 992; 800 N.W. 2d 77 (2011).

Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice on the ground that petitioner had failed to exhaust his state court remedies. *Greenlee v. Michigan*, 2:11–CV–14048; 2011 WL 4599657 (E.D. Mich. October 3, 2011).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Greenlee*, No. 09-014203-01 (Third Circuit Court for the County of Wayne, February 28, 2012).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Greenlee*, No. 310482 (Mich.Ct.App. November 8, 2012); *lv. den.* 494 Mich. 854; 830 N.W.2d 767 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  Fabricated evidence.

II.  Misrepresentation of evidence.

III.  Prosecutorial Misconduct.

IV.  Jury instructions.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  Additionally, "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III.  Discussion

3

2em

The Court will discuss all of petitioner's claims together because they all relate to the admission of the "other acts" evidence concerning the prior sexual assault allegation from 2007 against petitioner. [1]

In his first and second claims, petitioner contends that the trial court erred in admitting prior bad acts evidence against him, in violation of M.R.E. 404(b).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling

---

[1]   Respondent argues that petitioner's third and fourth claims are procedurally defaulted because he never exhausted these claims with the state courts and no longer has an available state court remedy with which to do so.  This Court notes that procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997).  In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  Given that these claims lack merit and are interrelated with petitioner's first and second claims, the Court will reject these claims on the merits rather than on the basis of a possible procedural default.

that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003).

Petitioner also appears to argue that this prior bad acts evidence should not have been admitted against him because he was never charged with or convicted of this crime nor was any evidence offered to corroborate the testimony of the victim from the 2007 assault.  As mentioned above, any violation of M.R.E. 404(b) would not entitle petitioner to relief.  Moreover, a conviction is not required under Michigan law for the admission of a prior bad act against a defendant.  Indeed, "MRE 404(b) specifically addresses the admissibility of *uncharged* conduct." *People v. Starr*, 457 Mich. 490, 499; 577 N.W.2d 673 (1998)(emphasis original).  Moreover, evidence of similar acts need not be proven beyond a reasonable doubt or even corroborated. *See People v. Duncan*, 402 Mich. 1, 13-14; 260 N.W.2d 58 (1977).  Petitioner would not be entitled to relief on this claim.

To the extent that petitioner is claiming that the victim from the 2007 incident testified falsely, he would not be entitled to relief because he has presented no facts in support of such a claim.  Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F.

3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding). Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *See Barnett v. United States*, 439 F.2d 801, 802 (6th Cir. 1971). Petitioner has presented no evidence showing that the woman from the 2007 incident in Southfield testified falsely about being sexually assaulted by petitioner, thus, he would not be entitled to relief on his claim.

In his third claim, petitioner contends that the prosecutor committed misconduct by tampering with the court records in order to admit the other acts testimony concerning the 2007 sexual assault.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993).  In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

Although petitioner framed his third claim as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d 383, 397 (6th Cir. 2009).  "A prosecutor may

6

rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6ᵗʰ Cir. 2008).  The state trial judge ruled that the 2007 sexual assault incident was admissible under M.R.E. 404(b) to rebut petitioner's consent defense.  Because the trial judge ruled that the evidence was admissible, the prosecutor did not commit misconduct in offering this evidence at petitioner's trial.

To the extent that petitioner alleges that the prosecutor fabricated the other acts evidence or otherwise tampered with court records, he would not be entitled to relief because his allegations are unsupported by any evidence.  Conclusory allegations of prosecutorial misconduct fail to state a claim upon which habeas relief can be granted. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 710 (E.D. Mich. 2004).  Petitioner is not entitled to relief on his third claim.

In his fourth claim, petitioner contends that the judge failed to give the jurors an adequate cautionary instruction concerning the proper use of the 404(b) evidence.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-55 (1977).

At the conclusion of the trial, the judge gave the jurors the following instruction with respect to the 2007 sexual assault:

> Now, you heard evidence that went to show that the Defendant committed acts for which he is not on trial.  This is the testimony of [the victim from the 2007 incident]. [2]  If you believe this evidence, you must be very careful only to consider it for a limited and certain purpose.  You may only think about whether this evidence tends to show the Defendant's intent, whether or not it was a common plan or way of doing things, whether it intends to make the testimony of the complainant more or less believable, and whether those uncharged acts have been weighing the testimony of the complainant.  You must not consider this evidence for any  other purpose.  For example, you must not decide that it shows that the Defendant is a bad person or he is likely to commit crimes.  You must not convict the Defendant here because you think he is guilty of other bad conduct.  All the evidence must convince you beyond a reasonable doubt that the Defendant committed the crimes charged in this case or you must find him not guilty.

(Tr. 11/24/09, p. 136).

Petitioner is not entitled to habeas relief on his claim.  The jury was clearly instructed that they could not convict petitioner of the charged sexual assaults because they believed that he was guilty of the 2007 sexual assault nor could they use the prior bad act as evidence that petitioner was a bad person or was likely to have committed the charged offenses.  The jury was instructed that they could use the 2007 assault for the limited purpose of establishing petitioner's intent or whether he had a "common plan" of doing things.  When viewed in its entirety, the judge's limiting instruction adequately informed the jurors of the proper and limited purpose for which the prior bad acts evidence could be used.  Accordingly, petitioner is not entitled to habeas relief on his fourth claim. *See Webber v. Scott,* 390 F. 3d 1169, 1179-80 (10th Cir. 2004).

---

[2]  This Court has deleted the woman's name from the 2007 incident to protect her privacy.

## IV.  Conclusion

The Court denies the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

DATED:  August 14, 2014